```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                         1:010CV77-MU-02
```

THOMAS LEWIS PARKS,            )
    Petitioner,            )
                               )
    v.                         )        ORDER
                               )
ALVIN KELLER, Supt. At Brown   )
  Creek Correctional Instn.,  )
    Respondent.            )
_____)

**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1), filed March 30, 2010; and on his Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3), filed April 14, 2010.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's IFP Application will be granted, but only for the limited purpose of allowing the Court to adjudicate his Habeas Petition; nevertheless, his Petition will be dismissed without prejudice.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Pertinent documents reflect that on Petitioner was convicted of breaking and entering, larceny and possession of stolen goods, all felony offenses, in the Superior Court of Cleveland County. (Doc. No. 1). A jury also found that Petitioner was an habitual felon. North Carolina v. Parks, 193 N.C.App. 248 * 1 (N.C. App. Oct. 7, 2008) (unpublished). On April 11, 2007, the Superior Court sentenced Petitioner to terms of 132 to 168 months imprisonment on the substantive felony offenses, and to 121 to 155 months for the habitual felon conviction. Id.

On direct appeal, Petitioner argued that the trial court erred in denying his motion to dismiss the three substantive felony charges for insufficiency of the evidence; and that the trial Court erred in miscalculating his prior record points, thereby causing him to be erroneously sentenced at the incorrect level. Id. at *2-*5. In response, the State Court of Appeals concluded that the evidence was sufficient to support Petitioner's convictions; therefore, the Court did not err in denying his motion to dismiss for insufficient evidence. Id. at *3 - *5. On the other hand, in light of the State's concession that Petitioner's convictions yielded 13 not 15 prior record level points, the State Court of Appeals concluded that his sentence was erroneous because he should have been sentenced under Level IV not Level V. Id. at *6.

Accordingly, that Court affirmed Petitioner's convictions but vacated his sentence and remanded his case for re-sentencing. Id. at *7.

Thereafter, Petitioner sought discretionary review of that Court of Appeals' decision at the State Supreme Court. However, by an Order filed February 5, 2009, the State Supreme Court denied that petition. Petitioner did not seek further review in the United States Supreme Court.

Petitioner was re-sentenced on April 20, 2009. On that occasion, the Superior Court of Cleveland County imposed identical concurrent terms of 125 to 159 months imprisonment. Thereafter, however, Petitioner did not seek direct review of his sentences; nor did he seek collateral review of either his convictions or his sentences. Instead, after a lapse of 327 days, on March 30, 2010,[1] Petitioner filed the instant federal Habeas Petition. Such Petition seeks to challenge both Petitioner's convictions and his sentences. That is, the instant Petition raises three claims challenging the trial court's denial of his motion(s) to dismiss for insufficient evidence; it raises three claims challenging that court's denial of his motion(s) in limine, which apparently sought

---

[1] Although Petitioner's Petition was received at the Court and filed by the Clerk on April 1, 2010, such document contains a certification that it was placed in his Prison's mailing system on March 30, 2010. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on March 30, 2010.

to exclude evidence of other crimes; and it raises six claims challenging the calculation of Petitioner's sentences. Thus, the Court's initial review of this matter tends to show that it is facing what is commonly referred to as a "mixed petition," that is, a petition containing both exhausted and unexhausted claims.

In particular, the record clearly establishes that Petitioner fully exhausted his three claims challenging the trial court's denial of his motion(s) to dismiss. However, Petitioner's direct appeal did not challenge the denial of his motion(s) <u>in limine</u> and he did not pursue any collateral review on that or any other claim. Therefore, the three claims by which he now seeks to challenge the denial of his motion(s) <u>in limine</u> are unexhausted. Furthermore, while Petitioner's direct appeal did challenge the trial court's sentencing calculations from his first sentencing hearing, he did not seek any review, direct or collateral, for the sentences which were imposed upon his re-sentencing procedures, notwithstanding the fact that those second sentences were shorter than the first and were re-calculated using different points and a different record level. Therefore, of the twelve claims which are set forth in the instant federal Petition, only three of them are exhausted and properly before the Court.

Prior to 2005, district courts were required to dismiss such mixed petitions, albeit without prejudice to the petitioners'

rights to re-file them after exhausting all of their claims. Rose v. Lundy, 455 U.S. 509 (1982). However, the Supreme Court clarified that requirement in Rhines v. Weber, 545 U.S. 269 (2005). Rhines explained that because of the complexities added by the one-year limitations period imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA," hereafter), Lundy's dismissal requirement put petitioners with mixed petitions in peril of losing their opportunity for federal review if after fully exhausting their claims, the petitioners returned to federal court beyond the limitations period. Id. at 275. Thus, Rhines approved of a "stay-and-abeyance" procedure as an alternative to the automatic dismissal of mixed petitions. Id. Under this "stay-and-abeyance" procedure, district courts, under limited circumstances, may stay a mixed petition and hold it in abeyance while the petitioner returns to state court and exhausts his unexhausted claims. Id. Upon the completion of that process, the district court will lift the stay and allow the petitioner to proceed with a fully exhausted federal petition. Id.

However, because one of the express purposes of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . ," this "stay-and-abeyance" procedure must be used sparingly so as not to undermine the AEDPA's finality purpose, or to excuse petitioners' failures to exhaust their claims before

5

seeking federal review in the first place. Id. at 276-77. Thus, the procedure "is only appropriate" when there is good cause for the failure to exhaust, the unexhausted claims are not plainly meritless, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. This last element, however, likely only covers second or successive applications for stays. See Larry v. Polk, 412 F.Supp. 2d 542, 546 (M.D.N.C. 2005).

Using that framework, the instant case presents a complicated picture for the Court. Indeed, the record of this Petition -- which, it must be remembered, arrived at this Court a mere 20 days before the expiration of Petitioner's one-year limitations period -- is silent as to the reason why Petitioner failed to exhaust all of his claims. Notably, there is no indication that Petitioner somehow was precluded from exhausting all of his claims. Therefore, the Court concludes, particularly in light of the fact that he did file an appeal which set forth some of the claims in this Petition, that there was no good cause for Petitioner's failure to exhaust all of his claims.

As to the other element, the record also is unclear as to the merit of Petitioner's claims. That is, because the claims set forth in this Petition, including the exhausted ones, are entirely conclusory and wholly lacking in any facts which point to a real

possibility of constitutional error,[2] the Court cannot determine whether or not they have merit.

For its own part, the Court also is mindful that it will not be impossible for Petitioner to return to this Court before the expiration of his one-year limitations period. Indeed, notwithstanding his less than wise choice to allow all but 38 days of his one-year period to dwindle away before coming to federal Court, assuming Petitioner returns to the Superior Court of Cleveland County with a properly filed motion for appropriate relief before May 8, 2010, his one-year limitations clock will stop running for the entire time that he spends in State court properly pursuing

---

[2] Petitioner's claims are as follows: (1) "The trial court's denial of defendant's motion to dismiss. This was at the close of evidence, which was insufficient evidence"; (2) "the trial court's denial of defendant's motion at the close of the evidence. This was in violation of the 5th, 14th Amendment" ; (3) The trial court's denial of defendant's motion to dismiss on the ground of there was insufficient evidence to sustain conviction"; (4) "The trial court's denial of motion in limine. There was insufficient evidence that defendant participated in other incidents"; (5) "The trial court's denial of defendant's motion in limine to bar introduction of evidence. There was insufficient evidence that defendant participated in this other incident"; (6) "The trial court's denial of defendant's motion in limine to bar introduction of evidence of B&E. This was in violation of the defendant's rights under the U.S. constitution 5, 6, 14 Amendments"; (7) "The trial court's finding defendant's prior record level and prior record points. The State failed to provide sufficient evidence of the Defendant's prior conviction out of South Carolina"; (8) "The trial court's finding of defendant's prior record level. In violation of the law of NC"; (9) "The trial court's findings failed to sufficiently differentiate the prior convictions presented. The presentation of offenses committed on the same day and later used to violation of the 8th and 14th Amendments"; (10) "The same"; (11) "The same"; and (12) "The trial court's finding of defendant's prior record level and prior record points. The State failed to sufficiently differentiate the prior convictions presented to the jury and used as the underlying offenses necessary to establish habitual felon status from those offenses committed on the same day and later used to calculate defendant's prior record level in violation of the 8th and 1th Amendments."

collateral review, and that limitation period will be extended by the number of days that remain between the date on which he files such motion for appropriate relief and May 8, 2010. For example, if Petitioner manages to properly file a motion for appropriate relief fifteen days before the expiration of his limitations period, i.e., April 23, 2010, his one-year clock will stop on the date he files it and remain idle until he completes his collateral review. At the conclusion of that collateral review, Petitioner's clock would resume running and he then would have fifteen days before the expiration of his one-year clock in which to return to this Court and file a federal petition containing only exhausted claims.

The Court recognizes that such time constraints leave little room for error. More critically, however, the Court further recognizes that it was Petitioner who placed himself in this precarious position, both by failing to exhaust all of his claims and by waiting so long to file the instant Petition. Furthermore, by dismissing this Petition without prejudice in order to allow Petitioner to exhaust all of his claims, the Court is aware that Petitioner will gain the benefit of not having to permanently abandon his nine unexhausted claims. Should he, however, desire to abandon those claims and proceed exclusively with the three exhausted claims, he certainly can file an appropriate post-

judgment motion expressing that desire.

### III. CONCLUSION

The Court has determined that the instant Petition contains both exhausted and unexhausted claims. After carefully considering the circumstances of this case, the Court has concluded that the case should be <u>dismissed</u> without prejudice in order to permit Petitioner to exhaust all of his claims and return to federal Court with a fully exhausted Petition.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DISMISSED** without prejudice to his right to return to State Court and obtain a full round of collateral review for all of his claims, thereby entitling him to immediately return to this Court with a petition containing exhausted claims;

2. In the event Petitioner would rather abandon the nine unexhausted claims as were identified in this Order, he may inform the Court of that desire through a request for reconsideration brought in accordance with the Federal Rules of Civil Procedure; and

3. The Clerk shall send this Order to Petitioner via overnight mail.

9

**SO ORDERED.**

Signed: April 19, 2010

Graham C. Mullen
United States District Judge